UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| NATHAN R. BARNES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:18-cv-00093-RWS |
| RUSSELL D. OLIVER, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Nathan R. Barnes for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $5.73. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of the instant motion, plaintiff submitted an affidavit and a certified inmate account statement. (Docket No. 4). The certified inmate account statement showed an average monthly balance of $28.63. The Court will therefore assess an initial partial filing fee of $5.73, which is 20 percent of plaintiff's average monthly balance for the prior six month period.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under 42 U.S.C. § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se

complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is currently an inmate at Cape Girardeau County Jail. He brings this complaint pursuant to § 1983. His complaint names prosecuting attorney Russell D. Oliver and Stoddard County Sheriff Carl Hefner as defendants. The defendants are sued in both their individual and official capacities.

Plaintiff's "statement of claim" consists of a one-and-a-half page narrative. Plaintiff states that Officer Tim Zych conducted an investigation against him for "Class A child molestation in the 1st Degree." (Docket No. 1 at 4). He alleges that Officer Zych did not follow protocol for a probable cause warrant. He also states that defendant Russell Oliver filed the charges against him.[1]

Plaintiff states that an attorney named Amanda Altman had a "closed meeting" with defendant Oliver. He alleges that during this meeting, Oliver stated that he "did not have a case against" plaintiff. He further alleges that Oliver told Altman that the "evidence hearing does not show enough cause." Plaintiff states that Oliver uses "crooked tactics" and that other individuals have had conflicts with him.

---

[1] Plaintiff's state-court criminal action is *State v. Barnes*, 17CG-CR00781. The case arose in Stoddard County, but was transferred to Cape Girardeau following a stipulated motion for change of venue. *See State v. Barnes*, 17SD-CR00517-01.

Plaintiff asserts that a forensic examination of his alleged victim was inconclusive. He states that due to the charges against him, he has lost his wife, children, possessions, and job. He also states that during his incarceration at Stoddard County Jail, he was assaulted by other inmates, had urine and feces thrown at him, and had to pay money to keep from being assaulted, all on account of the "style of charges" against him. (Docket No. 1 at 5).

Plaintiff alleges that Sheriff Hefner "is responsible for properly training law enforcement and the facts of this case clearly show the arresting officer did not perform his duties to the full extent." He also alleges that Oliver is "ignoring the facts" of plaintiff's criminal case.

Plaintiff seeks a declaratory judgment that the acts/omissions of the defendants violated the Constitution, laws, and treaties of the United States. He requests a preliminary injunction enjoining his state criminal case from proceeding against him. He also requests damages for pain and suffering ($1.5 million), loss of possessions ($2,000), loss of financial gain ($13,800), loss of marriage (no amount given), punitive damages ($1 million), and damages on state law claims ($500,000).

## Discussion

Plaintiff's complaint names prosecuting attorney Russell Oliver and Sheriff Carl Hefner as defendants.[2] Plaintiff accuses prosecutor Oliver of filing charges against him based on a faulty investigation, without probable cause, and without evidence to support the charge. He alleges that Sheriff Hefner is liable for faulty training of the law enforcement officer who conducted the investigation that led to plaintiff's arrest. Having carefully reviewed and liberally construed

---

[2] In the Court-provided complaint form, plaintiff names only Russell Oliver as a defendant in the case caption. Elsewhere in the complaint, though, plaintiff also specifically lists Sheriff Hefner as a defendant. Pursuant to the Federal Rules of Civil Procedure, plaintiff is required to list all defendants in the caption. Fed. R. Civ. P. 10(a). However, since a pro se complaint is to be liberally construed, it will be read to include Sheriff Hefner as a defendant.

4

plaintiff's allegations, and for the reasons discussed below, the Court must dismiss plaintiff's claims pursuant to § 1915(e)(2)(B).

### A. Defendant Russell Oliver

Plaintiff's claims against defendant Oliver for wrongfully filing a criminal charge against him will be dismissed because Oliver is entitled to absolute prosecutorial immunity.

Prosecutors are immune from § 1983 suits so long as the actions complained of appear to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982). *See also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the State in a criminal prosecution. *Id*. On the other hand, a prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id*.

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). This immunity depends on the functional nature of the prosecutor's activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions." *Id*. Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013).

Here, plaintiff's complaint relies mainly on conclusory statements, rather than specific factual allegations. Liberally construed, though, plaintiff seems to be alleging that prosecutor Oliver filed charges against plaintiff without probable cause or evidentiary support, and that Oliver has maintained the case against plaintiff despite knowing that the evidence is insufficient. Defendant Oliver is absolutely immune from this type of claim. The filing of a criminal case against plaintiff is clearly a prosecutorial function qualifying for absolute immunity. *See Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("The acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government"). This would stand true even if plaintiff had clearly alleged an improper motive for the filing of the case against him. *See Sample*, 836 F.3d at 916 ("Allegations of unethical conduct and improper motive in the performance of prosecutorial functions do not defeat the protection of absolute immunity"). Indeed, Oliver would have immunity even if plaintiff had alleged that Oliver brought the case against him out of malice, vindictiveness, or self-interest. *See Reasonover*, 447 F.3d at 580. Therefore, Oliver is absolutely immune from liability, and the claims against him must be dismissed.

### B. Defendant Carl Hefner

Plaintiff's failure-to-train allegation against defendant Hefner in his individual and official capacities will be dismissed for failure to state a claim.

"Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Thus, in order to maintain an action for training or supervisory liability, the plaintiff must show that the failure to train or supervise caused the injury. *Moore v. City of Desloge, Mo.*, 647 F.3d 841, 849 (8th Cir. 2011). *See also Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) ("[A] supervising officer can be liable for an inferior

officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation"). The standard used to determine liability for failure to train is deliberate indifference. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 673 (8th Cir. 2007). To show deliberate indifference, a plaintiff must prove that the defendant had notice that the procedures were inadequate and likely to result in a violation of constitutional rights. *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005).

Here, the entire basis for plaintiff's claim against Hefner comes from the allegation that "Sheriff Carl Heffner is responsible for properly training law enforcement and the facts of this case clearly show the arresting officer did not perform his duties to the full extent." (Docket No. 1 at 5). This claim appears to reference the investigation done by Officer Tim Zych, which plaintiff states "did not follow protocol for a probable cause warrant by not conducting an investigation." (Docket No. 1 at 4).

Plaintiff does not provide any allegations stating the manner in which Hefner's training policies were deficient. That is, plaintiff does not identify the specific training policy or procedure that was inadequate in this case. Further, he does not show that Hefner demonstrated deliberate indifference by failing to correct a policy after receiving notice that it was likely to lead to a constitutional deprivation. Moreover, he does not even properly allege that Officer Zych,[3] for whom Hefner is allegedly responsible for training, did anything wrong. Instead, plaintiff relies on the conclusory statement that Officer Zych "did not follow protocol." Plaintiff's legal conclusions that Officer Zych conducted an unconstitutional investigation, and that Hefner is liable because he failed to train Zych, are not sufficient to state a claim. While

---

[3] Plaintiff does not identify Officer Zych as a defendant in the case caption or anywhere else in the complaint. Even had he been named as a defendant, though, plaintiff has failed to allege any facts, as opposed to legal conclusions, that Officer Zych committed a constitutional violation.

7

factual allegations are taken as true, conclusions masquerading as facts are not. *See Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation"); *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) ("We…accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements"). Accordingly, plaintiff's claim against defendant Hefner in his individual capacity must be dismissed.

A suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). As such, a suit against Stoddard County Sheriff Hefner in his official capacity is actually a suit against Stoddard County.

Municipal liability under § 1983 may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). Thus, there are three ways in which a plaintiff can prove municipal liability.

First, "policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v.*

*Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. Alternatively, in order to establish a claim of liability based on "custom," the plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Finally, to demonstrate deliberate indifference for purposes of failure to train, the plaintiff must show a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

There is nothing in plaintiff's complaint to support even the slightest inference of county liability based on either policy or custom. Plaintiff has not identified any official policy by the county that is either unconstitutional on its face, or made unconstitutional by the deliberate

9

choices of the county's policymakers. Likewise, plaintiff has offered no evidence to support an unconstitutional custom. Specifically, he points to no widespread, persistent unconstitutional conduct by county employees; he has not alleged deliberate indifference to or tacit authorization of such conduct by county officials; and he has not alleged facts sufficient to demonstrate that a county custom was the driving force behind the claimed constitutional violation.

Plaintiff has also not established a claim that the county failed to train its employees. To state such a claim, plaintiff needs to allege a pattern of similar constitutional violations by other allegedly-untrained employees. Here, plaintiff's complaint is focused on only one person, the officer he claims improperly investigated his case. This single, conclusory allegation does not comprise a pattern. Furthermore, the county can only be liable for failure to train if the county's employee violated plaintiff's constitutional rights. *See, e.g., A.H. v. St. Louis Cty., Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) (agreeing with district court that because no county employee was guilty of violating plaintiff's constitutional rights, the county could not be liable for failure to train). As discussed above, plaintiff failed to plead any specific facts supporting an allegation that Officer Zych violated his constitutional rights. Such facts are needed to establish a claim against the county for failure to train. In other words, plaintiff cannot sufficiently plead a failure to train claim against the county without first properly alleging an unconstitutional action on the part of the county's employee. He has not done that. Accordingly, plaintiff has failed to establish county liability, and the official capacity claim against Hefner must be dismissed.

**C. Plaintiff's motion to appoint counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The court will deny plaintiff's request as moot, given the fact that plaintiff's claims in this matter are being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $5.73 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim and/or because it is legally frivolous subject to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

Dated this 3rd day of July, 2018.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE